1  R. Robertson APM873
   5325 Broder Blvd.
2  Dublin, CA 94568-3309
   (775) 335-7773 (message)
3  Plaintiff,_____ In Pro Per
   Email:  gsanders@destination-freedom.org
4

5

6

7                                                    **FILED**

8                                                    Oct 04 2023

                                                     Mark B. Busby
                          UNITED STATES DISTRICT COURT   CLERK, U.S. DISTRICT COURT
                                                     NORTHERN DISTRICT OF CALIFORNIA
9                         NORTHERN DISTRICT OF CALIFORNIA   SAN FRANCISCO

10        [*Select one location: San Francisco / Oakland / San Jose / Eureka*]

11

12  ROBERTSON, REGINALD,              )   Case Number: 5:23-cv-05080-BLF (PR)
                                      )
13  _____   )
                                      )   COMPLAINT UNDER THE CIVIL RIGHTS
14            Plaintiff(s),           )   ACT, 42 U.S.C.A., SECTION 1983-
                                      )   WITH DEMAND FOR JURY TRIAL
15        vs.                         )   Monday, September 25th, 2023
                                      )
16  NEGRETE, MARCO, SGT.-JOE, JR, CHARLES, )
                                      )
17  SGT.-CARAUSU, M., SGT. FRANCIS, ACSO- )
                                      )
18  DEPUTY SHERIFFS, and entity- COUNTY )
                                      )
19  OF ALAMEDA,                       )
                                      )
20  _____   )
                                      )
21            Defendant(s).           )
                                      )
22

23      PLEASE TAKE NOTICE that on Thurs., September 29th, 2023, or as soon

24  thereafter as may be heard in the above-titled Court (450 Golden Gate Ave-

25  nue, San Francisco, CA 94102), Plaintiff in pro se, shall move to filing a complaint

26  under the civil rights statute, 42 U.S.C.A., Section 1983, Alleging various

27  deprivations and adversity suffered during three-separate incidents, While de-

28  tained at the facility, Santa Rita Jail, Dublin, CA.        (continued, page 2)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT, 1983-WITH JURY DEMAND"
CASE NO.:_____
PAGE NO. 1 OF 23

1    This action shall be based on the acts or omissions of the above-named

2    Alameda County Sheriff's Office - here in, "ACSO" - deputies and the entity,

3    County of Alameda.

4

5           Jurisdiction and Venue

6

7    1. This Court has jurisdiction over the claims brought under fed-

8    eral law pursuant to 28 U.S.C., Sections 1331 and 1343. This Court

9    has jurisdiction over claims brought under California law pursuant to

10    28 U.S.C., Section 1367.

11

12    2. Venue is proper in this Court, pursuant to 28 U.S.C.,

13    Section 1391(b)(1), as plaintiff's claims arose out of incidents which

14    occurred in this District and all Defendants reside or do business

15    in Alameda County, State of California.

16

17           Background

18    3. On April 15th, 2020, plaintiff filed a civil rights suit against

19    Santa Rita Jail - here in, "SRJ" - staff, not a party to this proceeding

20    and defendant, County of Alameda (Robertson v. Kaiser-Nevel, Case No.

21    5:20-cv-02523 BLF, N.D. Ct. of CA-San Jose Division). Then on

22    December 21st, 2021, Defendants in the action, id., moved for summary

23    judgement, id., at Dkt. #44.

24

25    4. In order to obtain information relevant to plaintiff preparing

26    a motion opposing docket #44, id., and assisted by a representative

27    of a non-profit/prisoners' rights organization - Destination Freedom. On

28    December 30th, 2021, plaintiff contacted... (continued, page 3)

TITLE OF DOCUMENT: "Complaint under 42 U.S.C., Sect. 1983 - With Jury Demand"
CASE NO.: _____
PAGE NO. 2 OF 23

1    ... ACSO-Internal Affairs (Oakland, CA), via a phone-call, placed
2    thru his assigned/jail issued tablet.

3

4    5. Within three-hours of the call to Internal Affairs, plaintiff
5    was: forcibly removed from his assigned cell, denied possession of personal
6    property and belongings, placed in isolation, placed in more restrictive housing,
7    access to courts was interfered with, without the benefit of any pro-
8    cedural process, contrary to ACSO Policy/Procedure - here in, "ACSO
9    P/P", federal/state laws - at the hands of defendants, Negrete
10   and Francis. Temporal proximity of these deprivations supports elements
11   of retaliation, First, Fifth, Fourteenth Amendments, respectfully, U.S. Const.

12

13   6. Then on 2-18-2022, while plaintiff was on scheduled recre-
14   ation-time, defendant, Negrete was performing inmate movement and allowed
15   the an inmate to attack plaintiff. While plaintiff was defending himself,
16   Negrete then tasered, kicked, injured plaintiff, charging plaintiff with
17   battery on his inmate attacker.

18

19   7. Defendant, Negrete continued to harrass plaintiff for several
20   months afterward. Until he was found to have - again - violated
21   plaintiff's right to due process, by imposing an unjustified/individual
22   lock-down and denial of recreation time - upon plaintiff, on June
23   13th, 2022. In the filing of this instant action, plaintiff seeks to
24   preserve and invoke statutory rights, grant of requested relief.

25

26                    P a r t i e s

27

28                                    (continued, page 4)

TITLE OF DOCUMENT: "COMPLAINT UNDER U.S.C., SECT. 1983 - WITH JURY DEMAND"
CASE NO.: _____
PAGE NO. 3 OF 23

8. Plaintiff, Reginald Robertson, a pretrial detainee, advanced age of $50^+$ years, pre-existing mental-health/physical impairments. At all times mentioned, plaintiff was a person with a disability which "severly impairs a life activity". Based on the preceding facts, the standards under the Americans With Disabilities Act- 42 U.S.C. of., Sect. 12101-12213; CA Disabled Persons Act; Rehabilitation Act of 1973; and most prevalent- Due Process Clause of the Fourteenth Amendment, U.S. Const. Based on plaintiff's mental health impairments, plaintiff was housed in SRJ/Housing Unit #8/C-pod. Housing Unit #8 is a special management location, as defined in defendants published policies, e.g. ACSO P/P 8.12 "Inmate Observation and Direct Visual Supervision" (plz see: "www.alamedacountysheriffoffice.gov/about-us/public-policies").

9. Defendant, ACSO-Deputy, Marco Negrete is a floor deputy/housing unit deputy, fluent in both English and Spanish languages. Negrete was a willing and active participant in each of the three (3) subject-incidents, the basis for this action. He is sued in his personal and individual capacities (He is also sued officially).

10. Defendant, ACSO/Sgt., Francis was the on-site supervisor for SRJ-Housing Unit #8, the location of the 1st subject-incident, the basis for this action. On 12-30-2021, the date of the 1st subject-incident, FRANCIS was a willing and active participant in deprivations plaintiff suffered- by act of omission- while performing duties in concert with Defendant, Negrete during the 1st subject-incident. He is sued in his personal and official capacities, Monell, id.; Bane, see below.

11. Inmate-Eduardo Ahumada (pfn: BMN578, D.O.B- 3/29/90) was assigned to SRJ/Housing Unit #8, on 2-18-2022, the date of the 2nd ...

(continued, page 5)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983-WITH DEMAND FOR JURY TRIAL"
CASE NO.:
PAGE NO. 4 OF 23

1    ... subject-incident, the basis for the instant action, Inmate, Ahumada is

2 fluent in both English and Spanish languages. On the date of the 2nd subject-

3 incident, id., Ahumada was a willing and active participant in the deprivations

4 plaintiff suffered. Acting – on personal knowledge and observation – in concert with

5 Defendant, Negrete to injure plaintiff. Ahumada is not sued in any capacity,

6 notwithstanding, plaintiff retains the right to amend the operative-complaint, as

7 merited – in the interest of justice.

8

9    12. Defendant, ACSO/Sgt., Charles Joe, Jr. (here in, "Sgt. Joe"), was the

10 on-sight supervisor for SRJ/Housing Unit #8, on 2-18-22 (appx. 10:45am),

11 the date/time of the 2nd subject-incident, the basis for this action. Sgt. Joe

12 is sued for failure to properly train, supervise, control Negrete, ratifying his

13 (Negrete) illegal conduct, maintaining a culture/practice of routinely violating

14 the rights of inmates with mental-health diagnoses – plaintiff's class – confined

15 to SRJ. Sgt. Joe is sued in his personal and official capacities – Monell

16 V. Dept. of Social Services for the City of New York, 436 U.S. 658; 98

17 S. Ct. 2018; 56 L. Ed. 2d 611 (1978).

18

19    13. Defendant, ACSO/Sgt., M. Carausu (here-in, "Sgt. C.") was the

20 supervisor of the SRJ-Grievance Response Unit, the unit which conducted

21 the primary ACSO investigation of the 2nd subject-incident, id. Sgt. C., is

22 sued for; failure to properly train, supervise, control Negrete and her unit's

23 assigned deputies – in regards to investigation of this incident, id., ratifying

24 Negrete's illegal conduct, maintaining a culture/practice of routinely violating

25 the rights of inmates and sub-class of inmates with mental-health diag-

26 noses – plaintiff's class – confined to SRJ. Sgt. C. is sued in her offi-

27 cial capacity only, Monell, id.

28                                      (continued, page 6)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983 - WITH JURY DEMAND"
CASE NO.: _____
PAGE NO. 5 OF 23

1    14.  Defendant, County of Alameda employs all named defendants, a party
2    to this action. County of Alameda is sued for; failure to properly train,
3    supervise control its employees staffing SRJ; maintaining a custom/practice
4    of routinely violating the rights of inmates and sub-class of inmates with
5    mental-health diagnoses; vicarious liability; denying plaintiff the exer-
6    cise, enjoyment, benefit of its programs and services (e.g. indoor recreat-
7    ion, SRJ bookcart, mental-health evaluation associated with the 1st subject-
8    incident; id.); failure to discharge its statutory duty(ies), and personal
9    involvement. On personal knowledge, this defendant has received notice-in the
10   form of multiple lawsuits, in custody deaths, and/or a Department of
11   Justice investigative-report, published April-2021, after an investigation
12   which spanned four-years (2017 thru 2021). Several and numerous
13   lawsuits named County of Alameda as a defendant. Defendant, County of Alameda
14   is sued in its individual/personal and official capacities. Monell, id.;
15   CA Code of Regs, Sections 1065, 1207.5, 1209, of Title X 15; Title II,
16   Americans With Disabilities Act (here-in, "ADA"); Section 504 of the Rehab-
17   ilitation Act of 1973; CA Government Code, Sections 815.2(a), 815.6.

18
19   15.  At all times mentioned herein, Defendants were acting under
20   color of California State law.

21
22        Exhaustion of Administrative Remedies

23
24   16.  Plaintiff utilized the grievance process on numerous
25   occasions to provide Defendants notice, to include: 1st Subject-incident,
26   SRJ-Tracking #22-0470; 2nd Subject-incident, SRJ-Tracking #22-1041; 3rd
27   Subject-incident; SRJ-Tracking #22-3170. Subsequently, submitting claims to
28   County of Alameda-all being denied.                    (continued, page 7)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983-WITH JURY DEMAND"
CASE NO.:
PAGE NO. 6  OF 23

1

Factual Allegations

2

3   17. 1st Subject-incident: On 12-30-2021 (approximately, 1:00pm),
4   assisted by prisoners' rights/non-profit representative - G. Sanders - of the
5   organization Destination Freedom (see; "www.destination-freedom.org") plaintiff
6   placed a call on his jail issued/assigned electronic tablet. This call was
7   to ACSO-Internal Affairs Unit (1401 Lakeside Dr., Oakland, CA 94612).
8   In order that plaintiff may request information under the CA Public
9   Records Act-regarding ACSO P/P-to be utilized in opposition of
10  a summary judgement motion, in an active litigation (Robertson v.
11  Kaiser-Nevel, id., docket at 2), plz see: as attached, "Exhibit A."

12

13  18. Within four-hours of requesting ACSO P/P under the Public
14  Records Act (approximately, 4:30pm), during the evening-meal-defendant,
15  × Francis arrived at plaintiff's assigned location (SRJ-Housing Unit
16  #8/C-pod/Cell #6). Francis stated, "Pack up all your stuff, your
17  moving to F-Pod... you're being placed on I.O.L.-Intensive
18  Observation Log is the mental-health equivalent of Administrative Isolation,
19  a form of suicide watch-see; "Suicide Prevention", ACSO P/P, 13.06;
20  see also; "Inmate Observation and Direct Visual Supervision", ACSO P/P,
21  8.12. Plaintiff alleges Francis and Negrete had duties to perform under
22  these ACSO P/P and failed to perform these duties, in regards to plaintiff.

23

24  19. Plaintiff stated that he, "...had done nothing wrong."
25  As being placed on I.O.L. entails loss of several privaleges, removal
26  of an inmates underwear, socks, t-shirts, denial of access to programs,
27  inter alia. Plaintiff offered to Francis that he only placed three-calls on
28  the tablet-all business related.                    (continued, page 8)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983-WITH JURY DEMAND"
CASE NO.: _____

1   20.   Sgt. Francis then stated, "Someone from Behavioral Health
2   heard you threaten to harm yourself on the tablet." "You have no
3   choice, your moving to I.O.L." Based on this defendant's tone
4   and stature, plaintiff infers there was an implied threat.
5
6   21.   Defendant, Negrete arrived to "assist" and stated the
7   following: "Leave your property here:"; "Take off your socks
8   and underwear;" Leave the tablet here."; "Come on Robertson,
9   don't make us have to come in there and get you... You wouldn't
10  like it if we have to come in there." Plaintiff reasonably took
11  Negrete's last two comments as also being threats of physical harm,
12  should he fail to comply.
13
14  22.   Plaintiff followed both deputies instructions, then proceeded
15  to the entrance of his assigned cell, id. Where Negrete removed
16  plaintiff's prescription bi-focal/eye glasses, from his shirt. Negrete
17  also stated, "You can't have these in F-pod."
18
19  23.   Afterwhich, in concert, Negrete grabbing/holding plaintiff's right-
20  arm, while Francis grabbed and held plaintiff's left-arm, both of
21  these Defendants physically escorted plaintiff to SRJ-Housing Unit
22  #8/F-pod/Cell #2. A more restrictive location than his assigned
23  location, id, and in isolation.
24
25  24.   On personal knowledge, there is an ACSO P/P requiring some
26  form of procedural process, such as a hearing or for inmates with a
27  mental-health diagnoses/history-such as plaintiff. A mental-health eval-
28  uation must be provided...                    (continued, page 9?)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983-WITH JURY DEMAND"
CASE NO.: _____
PAGE NO. 8 OF 23

1  ... by a qualified mental-health care provider/clinician, prior to
2  placement of an inmate into the more restrictive conditions of I.O.L.
3  This is in keeping with federal/state laws, viz., Title II, ADA, Section 504
4  of the Rehabilitation Act of 1973, CDPA, Title 15, CCR, Sections 1070 1207.5
5  and 1209, CA Gov't C., Sect; 815.2(a), 815.6; 42 U.S.C., 1985(3).

7  25. On information and belief, Defendants own policies provide for
8  similar procedural protections, which Negrete and/or Francis were trained
9  on and had a duty to perform. In violation of plaintiff's rights, supra,
10 inter alia, Defendants implemented no procedural process on 12-30-21 or
11 at any point in the proceeding months.

13 26. Plaintiff was held in I.O.L. for four-days as an inmate/
14 pretrial-detainee, having been convicted of no crime, infraction, rule
15 violations, or substantiated allegation- under conditions akin to punish-
16 ment and which posed an undue stress on his mental health.

18 27. On 1-4-22 (approximately 1:00^am), plaintiff was allowed to
19 return to his assigned cell - having received an evaluation on 1-3-
20 2022 at 8:30pm, by AFBH mental health clinicians.

22 28. On 1-21-22, plaintiff submitted Inmate Grievance, Tracking #22-
23 0470, which was denied. In this SRJ-related-grievance response, ACSO
24 SRJ staff do not allege Behavioral Health staff "heard plaintiff threat-
25 en to harm himself," - as provided by defendant Francis. Instead to
26 cover defendants, Negrete and Francis' bad acts, it is alleged a
27 phone call from "someone" was sufficient to ignore plaintiff's due
28 process protection and ignore their own training.     (continued, page 10)

29.  2ⁿᵈ Subject-incident: Less than sixty-days subsequent to the December 30ᵗʰ, 2021 incident, Defendant, Negrete arrived at plaintiff's assigned location-during scheduled recreation-time, for inmates housed on the lower tier (2-18-22, approximately, 10:30am). Due to protocals put in place by the Alameda County Board of Health and to slow the spread of COVID-19. Inmates housed on the upper and lower tiers operated on seperate programs and were not allowed to inter-act or come into cont contact, with their resp with inmates of a different housing level/floor.

30.  Defendant, Negrete walked up the stairs-located in Unit #8/C-pod- to retrieve an inmate from the upper-tier. On prior ob-servation, Negrete was performing the duty, "ACSO P/P "Inmate Movement" (ACSO P/P, 8.10), plz see: "www.alamedacountysheriffoffice.gov/about-us/public-policies"

31.  Plaintiff witnessed Negrete and inmate, Ahumada, id., docket 4-5, conversing in a low tone, in what some inmates/SRJ staff re-fer to as "Spain-glish". A mixture of both Spanish and English languages, spoken interchangebly-simultaneously. Then both proceeded from Cell#11 (Ahumada's assigned cell), to the C-pod stairs and decended the stairs.

32.  Upon reaching the lower-tier, Ahumada began making ver-bal threats, directed toward plaintiff-as plaintiff was in the day room on scheduled recreation and while Ahumada and Negrete strode side-by-side, towards the C-pod entrance.

33.  Both Ahumada and Negrete exited the primary entrance of C-pod, then met with two females...        (continued, page 11)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C, SECT. 1983- WITH JURY DEMAND"
CASE NO.: _____
PAGE NO. 10 OF 23

1 ... On prior experience, Wellpath medical personnel, Plaintiff ob-
2 served one nurse stick a Q-tip, with a long-wooden handle up the
3 nostrils of Ahumada. On prior experience, the nurse was administer-
4 ing a test for COVID-19.

5

6 34. Negrete and inmate, Ahumada both re-entered the primary
7 entrance of C-pod and Ahumada began to issue more threats,
8 directed at plaintiff. At no point, did Negrete admonish Ahumada
9 or attempt to de-escalate the verbal abuse.

10

11 35. Upon reaching the base of the C-pod stairs - approxi-
12 mately 25 to 30 ft beyond plaintiff's position, Negrete ceased
13 performing "inmate movement". Both Negrete and Ahumada stopped
14 walking, then - in concert - both turned to their left (toward
15 the C-pod cell-doors), and began a second conversation in low-
16 tones of what plaintiff heard as more "Spain-glish", id., docket, at
17 10.

18

19 36. Next, plaintiff heard Negrete state, "Yeah, go 'head" or
20 something approximate to those words. Ahumada then - while standing
21 side-by-side with Negrete - took of his shirt and t-shirt,
22 threw them both on the ground, and yelled," I'm gone beat
23 yo' old _ss!" - as Negrete stood idly - watching.

24

25 37. Ahumada then ran back to plaintiff's position, semi-
26 nude and with fists balled as weapons - apparently, intent
27 on carrying out his threat of assault, upon plaintiff.
28 (continued, page 12

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983 - WITH JURY DEMAND"
CASE NO.: _____
PAGE NO. 11 OF 23

1    38. Seeing/hearing no aid from Negrete to protect plaintiff
2    from Ahumada's attack and fearing for his safety, plaintiff
3    took a defensive stance and successfully was warding off
4    Ahumada's aggression - at no point did plaintiff land any
5    whiffed punches on Ahumada, up to this point, avoiding injury.

6

7    39. While engaged with Ahumada, with^out issuing a verbal
8    warning, Negrete then tasered plaintiff in dart/probe mode. The
9    force of the taser - plaintiff provides - felt as a blow to the head,
10    from plaintiff's rear. Plaintiff, recalls feeling a second - stronger -
11    blow, which was Negrete's second deployment in seemingly only
12    seconds - in between, this blow impaired plaintiff's motor functions.

13

14    40. Negrete's second use-of-force (tasing), knocked plaintiff
15    off his feet, impairing his senses temporarily. As plaintiff was
16    prone on the ground, Negrete stood over plaintiff and kicked
17    plaintiff in the right-foot. Subsequently, causing the great-bodi-
18    ly injury of fractured bone (fifth-toe).

19

20    41. Afterwhich, Negrete proceeded to handcuff plaintiff, subsequent-
21    ly charging plaintiff with battery, as he placed false information,
22    misrepresentations in his-authored-ACSO Incident Report (#22-
23    002757).

24

25    42. Responding deputies, seeing plaintiff handcuffed, assumed he
26    was the aggressor and would not hear plaintiff's account of the in-
27    cident. As plaintiff was escorted out of Unit#8, Ahumada stated, "We got
28    yo' ass!" (while prone and unhandcuffed).    (continued; page 13)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983 - WITH JURY DEMAND"
CASE NO.:
PAGE NO. 12 OF 23

43. During this incident, there were five inmates lodged on the lower-tier out for scheduled recreation, in the day room – including plaintiff. The majority of inmates lodged on the lower-tier, were attending outdoor recreation on the unit's "small yard" (a concrete enclosure with a half-court for basketball, a pull-up bar, handball, toilet, and sink). For the duration of the incident, inmates in the dayroom – excluding plaintiff – remained seated and watching television.

44. At no point – during this incident – did any of the five inmates – including plaintiff – come within 20 (twenty) feet of Negrete's position, no inmates threaten Negrete or otherwise exhibited an intent to harm Negrete or Ahumada. Nor was there any overt reason plaintiff could discern, for Negrete to cease "inmate movement"; i.d., at 10, by returning Ahumada to his cell – in keeping with COVID-19 safety protocols.

45. On personal knowledge, Negrete had a duty: to protect plaintiff from harm, not allow Ahumada to come in contact with inmates of the lower-tier – which were on scheduled recreation, without delay, return Ahumada to his assigned cell to slow potential spread of COVID-19 – should Ahumada's test be positive (which at this time was unknown), in turn completing inmate movement of Ahumada – as his medical procedure was done and he was not authorized to remain on the lower-tier.

46. After being led out of Unit # 8/C-pod, plaintiff was taken to an isolation cell, in the unit's backhall. Where plaintiff saw a different unfamiliar ACSO-Sgt. Plaintiff – again – tried to inform this Sgt. of his account of the incident – again plaintiff was treated as a suspect and ignored.

(continued, page 14)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983 – WITH JURY DEMAND"
PAGE NO. 13 OF 23

47. In the isolation cell, a male Wellpath nurse arrived to re-move the taser-darts, at the direction of the ACSO-Sgt. Plaintiff felt/saw three (3) darts removed from: a bleeding wound on his right-forearm (no dart, just the wound-similar in appearance to the one on his stomach); another dart was removed from his back, left-arm near the elbow, and from his stomach-above and to the left of his navel. No "head-to-toe" check on plaintiff, was performed by this nurse.

48. Plaintiff recalls feeling: sore/stiff neck, pain in both feet, spent and tired. However, because no one would listen to plaintiff - he refrained from speaking to jailstaff, ⋈ unless he was first spoken to.

49. Sgt. Joe's Involvement: On prior occassions, plaintiff saw Sgt. Joe and recognized him when he appeared in the Unit #8 back-hall and approach Negrete. Plaintiff heard Sgt. Joe ask Negrete, "You deployed ... twice?" In response, plaintiff heard Negrete's reply as, "Yeah, he wouldn't go down with the first (de-ployment). So I had to hit him again." Plaintiff reasonably inferred, Negrete was referencing his use of excessive force.

50. Next Negrete had an unknown deputy take his photo on a cell-phone (which seemed to belong to Negrete, as he placed the phone in his pocket, pants). While Sgt. Joe entered SRJ-Unit #8, housing control booth. On prior experience, after a use-of-force incident, ACSO P/P directs review of any available audio/video recording - including body-cam footage - by the on-site supervisor, Sgt. Joe.
(continued, page 15)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983 - WITH JURY DEMAND"
PAGE NO. 14 OF 23

1    51.  On information and belief, Sgt. Joe was afforded the opportunity
2    to view-at least-four different camera angles, on housing control's
3    monitors. Additionally, he (Sgt. Joe) had access to Negrete's body-cam
4    footage. Per ACSO/SRJ staff, audio/video footage can be "manipu-
5    lated" (altered, deleted, sound removed, video darkened, or deleted entirely),
6    before uploading to a law enforcement cloud for storage and later
7    retrieval.

8

9    52.  According to two inmate witnesses to the incident - which should
10   have been visable/audible - in the footage viewed in housing control, Negrete
11   version of the incident, was not supported-factually. Plaintiff was not
12   the aggressor - per the right of self-defense, he also had a right to
13   use force against Ahumada-based on plaintiff's belief of impending
14   assault, subsequent to multiple threats of harm by this assailant.

15

16   53.  On knowledge and observation, Sgt. Joe "signed off" on Negrete's
17   narrative, which contained several falsehoods/misinformation, inconsist-
18   ent with the facts and eye-witness accounts. Effectively, Sgt. Joe
19   ratified Negrete's illegal conduct, acts, omissions, continuing the
20   pattern/practice of allowing inmates' with mental health impairments
21   rights - to be violated, Monell, id.

22

23   54.  Sgt. Carausu's involvement;  On 2-2-2022, plaintiff submitted
24   Inmate Grievance-Tracking # 22-1041. Placing the SRJ/Grievance Response
25   Unit on notice of the 2nd subject-incident. Additionally, Sgt. C. was
26   the supervisor of this unit - per documentary evidence - as plaintiff
27   provided grievances, regarding the 1st subject-incident, id., docket at 7,
28   and numerous related incidents...                    (continued, page 15)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983-WITH JURY DEMAND"

1   ... in which Negrete was actively involved. By acts and omissions,
2   e.g. allowing Negrete to continue patterns of retaliation, harrassment,
3   assault upon plaintiff- Sgt. C. continually ratified Negrete's illegal
4   conduct, bad acts, and with no accountability. Which continued a
5   pattern of SRJ/ACSO jailstaff routinely violating the rights of in-
6   mates and inmates with mental-health diagnoses- plaintiff's class-
7   Monell, id.
8
9   55. Then on an occassion in May, 2022, plaintiff encountered Sgt.
10  C, as she appeared in Unit #8 on an unrelated duty (to plaintiff),
11  and part of providing documents from her unit. Plaintiff requested an
12  unredacted copy of the ACSO Incident Report (#22-002757),
13  where-in two witness statements are contained. Citing the CA
14  Public Records Act and based on Negrete's use-of-force (tasing
15  plaintiff-twice) and injuring plaintiff, to the point of breaking bone
16  (plz, see; CA Pen. C., 832.7(b)(1)(A)(ii)). In response to this
17  information request, Sgt. C. sent plaintiff a form-which may be
18  utilized by individuals out-of-custody, to pick-up an incident report
19  in-person at an ACSO facility in San Leandro, CA. Sgt. C. denied
20  each and every grievance over that period - as well (Dec. 2021 thru
21  May, 2022, more than twenty involving Negrete).
22
23  56. 3rd Subject-incident: Negrete continued this pattern of harrassing
24  plaintiff (Dec. 2021 thru July, 2022). One such incident entailed
25  Negrete imposing an individual lock-down upon plaintiff and without
26  any justification. After investigation by ACSO/SRJ staff, it was
27  determined Negrete had -again- violated plaintiff's right to due
28  process of law-while denying access to... (continued, page 16)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983-WITH JURY DEMAND"
PAGE NO. 15 OF 16 of 23

1  ... ACSO programs and services (e.g, showers, indoor/outdoor
2  recreation, telephones, mental health clinicians) — Title II, ADA; Rehabilita-
3  tion Act of 1973; CA Code of Regs, id.; Monell, id., CA Gov't. C., id.

5  57. Plaintiff was released from the punishment by Negrete
6  of an individual lockdown on this date (6-13-2022), after the
7  Hon. Colin T. Bowen, directed jail staff to transport plaintiff to
8  Wiley W. Manuel Courthouse — Oakland, CA — for appearance pro se,
9  in Dept. #112, on his criminal matter.

11  58. Plaintiff submitted multiple claims to the County of
12  Alameda in regards to subject-incidents (1st, 2nd, 3rd) — additionally
13  seeking relief in Alameda County Superior Ct. — Small Claims (see:
14  Robertson v. Alameda County, Board of Supervisors, et.al, Case No. 22
15  SC-024650, Hayward Hall of Justice, filed: 12-28-2022). To date,
16  these attempts have proved unsuccessful — as plaintiff has no formal
17  training in law.

19  ## Claims for Relief

21  59. 1st Subject-incident/Retaliation: Based on the fact ACSO/SRJ
22  staff monitor/record all inmate communications (visually inspecting all mail,
23  recording and reviewing recorded calls), plaintiff infers Sgt. Francis and/or
24  his supervisor — on the date of this incident — were aware of the civil-suit
25  filed by plaintiff, against his co-workers. Notwithstanding, plaintiff
26  witnessed Negrete reviewing court-related documents — during random
27  cell inspections — and inspections of incoming legal-mail. (continued, page 17)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983" CASE NO.: _____

1    Further, plaintiff avers he has no history of committing acts of
2    self-harm, nor of making threats of self-harm. While no SRJ staff
3    allege they saw/heard threats of self-harm, as alleged in ACSO-
4    Grievance Response #22-0470. Based on these facts, plaintiff alleges
5    the cell extraction, deprivations, loss of privileges, placement in isolation
6    of 12-30-21 thru 1-4-22 and initiated by defendants, Sgt. Francis,
7    Deputy, Negrete - were in retaliation for placing the request for infor-
8    mation under the CA Public Records - as evidenced by the
9    temporal proximity of the request - 1 pm phone call - and cell ex-
10   traction/placement in isolation - 4:30 pm - First and Fourteenth Am-
11   endments, respectfully, U.S. Const; Austin v. Terhune, 367 F.3d 1167
12   (9th Cir. 2004); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997).

13

14   60. 1st Subject-incident/Denial of access to services: On personal
15   knowledge, defendant, County of Alameda receives state/federal funds to
16   implement/support programs and services at SRJ. Additionally,
17   plaintiff provides he is an individual, which qualifies to receive the
18   benefit of such programs/services. However, defendants, Francis, Negrete
19   - on 12-30-21 - at no point, allowed plaintiff to receive a medical
20   assessment or mental-health evaluation within 24 hours of their
21   initiation of the I.O.L. Based on these facts and their failure
22   to, "Call for aid immediately...", "Stay with inmate (plaintiff)
23   until medical staff arrived." (ACSO P/P 13.06 (III)(C.)(1 and 2), inter
24   alia. Plaintiff alleges defendant, County of Alameda, violated plaintiff's
25   right to receive the benefit, exercise, enjoyment of these services -
26   as either or both were merited, to determine if plaintiff was at
27   risk - Section 504 id.; Title II, id.; Title 15, CCR, 1208, 1209; CA Gov't
28   Code, 815.2(a), 815.6. Additionally, ...          (continued, page 20)

TITLE OF DOCUMENT:"COMPLANT UNDER 42 U.S.C., SECT. 1983 - WITH JURY DEMAND"
PAGE NO. 18 OF 23

1  ... plaintiff infers and alleges defendants, Sgt. Francis, Deputy, Negrete,
2  denied plaintiff access to these services, by threat, intimidation, coercion and
3  in violation of CA law - CA Civi C, 52.1, The Thomas Bane Act ("Bane")
4
5  61. 2nd Subject-incident/Coercion, withholding duties: Official
6  acts of the AC30-on information and belief- are "Inmate Movement"
7  and "Protecting Inmates From Harm", ACSO P/P 16.05 (see: www.
8  alamedacountysheriffs office.gov/about-us/public-policies", see also: as
9  attached to "Plaintiff's Declaration", Exhibit H. - Acso P/P 16.05).
10 During this incident; Negrete withheld these duties - 25 C.F.R., 11.406(a)(3).
11 62. 2nd Subject-incident/Conspiracy to Commit Assault & Battery:
12 Plaintiff realleges and incorporates the above factual allegations as the
13 basis for these claims and provides. During the subject-incident; Negrete
14 conversed with inmate Ahumada in hushed tones; Ahumada made
15 multiple threats of harming plaintiff, racial slurs; Negrete directed
16 Ahumada in stating, "Yeah, go 'head" (docket, at 11); Negrete
17 physically, took a half-step back, providing Ahumada a clear path to
18 assault plaintiff; Negrete accomplished the Assault & Battery, tasering
19 plaintiff (the victim of Ahumada's attack), then kicking plaintiff with
20 sufficient force to break bone; afterwards Negrete placed mis-
21 representations in his narrative of the incident - subsequently charging
22 plaintiff with battery, to cover their bad acts - 42 U.S.C,
23 Sect. 1985(3); Bane, id.; Title II, id., Rehabilitation Act, id.
24 63.
25 63. 2nd Subject-incident/Monell: In regards to this incident,
26 plaintiff infers and alleges defendants, Sgt. C., Sgt. Doe had person-
27 al involvement in the moments/hours subsequent to the acts or
28 omissions of Negrete and ...          (continued, page 20)

1 ... their subordinate SRJ/ACSO deputies. Each of these
2 supervisors "signed off" of SRJ staff and defendant, County of
3 Alameda long-standing custom/practice of routinely violating the
4 rights of inmates and inmates with mental-health diagnoses—
5 plaintiff's class. It is plaintiff's testimony, this custom and unofficial/
6 illegal practice remains in effect, at SRJ-depriving inmates and
7 inmates with disabilities of constitutional rights and access to
8 programs and services, pursuant to the Rehabilitation Act, or the
9 ADA. Based on this practice, plaintiff alleges deliberate-indifference,
10 in regards to ALL named Defendants. Failure to properly train,
11 supervise control—as to all named—ACSO-Sgt. Defendants and entity
12 County of Alameda, in regards to their subordinate—Dep. Negrete.
13 In regards to the 1st, 2nd, 3rd, subject-incidents and his acts
14 or omissions—Monell, id.; Bane, id.

15
16 64. 3rd Subject-incident/Retaliation, Due Process, Title II: On or
17 about 6-13-22 (approximately, 7:00am), during the start of recreation-
18 time for plaintiff's group of inmates (i.e. those lodged on the lower-tier,
19 SRJ/Housing Unit #8, only, see: Docket, at 10, paragraph #29). Defendant,
20 Negrete arrived at plaintiff assigned cell. Simultaneously, cell-doors
21 of the lower-tier were unlocked, all save for plaintiff's cell-
22 door, which remained locked. Negrete made eye-contact with plain-
23 tiff stating, "I told the technician you don't want pod, you refused
24 court. I'll think about letting you out, later." While all other
25 inmates in plaintiff's group enjoyed the benefit of showers, access
26 to telephones, indoor/outdoor recreation, television, games, or the SRJ
27 bookcart—all programs/services of ACSO and defendant, County of Alameda—
28 plaintiff remained locked inside his cell... (continued, page 21)

... Based on these facts, plaintiff alleges retaliation against defendant, Negrete. Plaintiff additionally alleges Negrete violated his rights to due process - as he imposed this loss of privileges, punishment, without implementing any form of procedural process (i, e., a disciplinary-report or administrative/disciplinary hearing).

65. 3rd Subject-incident/Denial of Service, program by coercion/Title II: It is alleged, on personal knowledge - plaintiff, as an individual with a documented disability - has the right to enjoy the benefit of indoor recreation, access to showers, telephones, etc. and that Negrete denied plaintiff the opportunity to participate in the programs/services of defendant, County of Alameda. That Negrete accomplished this denial of plaintiff's rights, regarding this incident by way of threat, intimidation, coercion and with reckless disregard of these rights, in violation of the Thomas Bane Act. Further, plaintiff alleges, County of Alameda is vicariously libel for the violations of plaintiff's rights under Bane. Additionally, County of Alameda was in violation of Title, II, ADA - as it receives federal/state funds for several of its programs/services at SRJ. At this point, plaintiff infers County of Alameda was on notice of its employees bad acts over the course of several months - and consciously choose to allow SRJ illegal practices to continue, Monell; 25 C.F.R., 11.406(a)(3); Bane, id.

66. In support of the allegations and facts set-forth in this complaint, plaintiff has attached: "Copy of the Request for Information, under the CA Public Records", Exhibit A; "Inmate Grievance and SRJ/ACSO-Grievance Response... (continued, page 22)

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983" CASE NO.: _____

PAGE NO. 21 OF 23

1   ... #23-0470, Exhibit B, "Plaintiff's and Witness Declarations",
2   Exhibit C. - relevant to the 1st Subject-incident. Additionally, plaintiff
3   provides other documentation; as denoted in "Plaintiff's Declaration-
4   In Support of Complaint".

5
6                    Prayer for Relief

7
8    WHEREFORE, Plaintiff requests the Court grant relief against De-
9   fendants, as follows:

10
11   67. Award of injunctive-relief to amend/purge the false claims
12   placed in SRJ-Inmate Records, relevant to plaintiff-allegedly making
13   threats of self-harm and/or being suicidal.

14
15   68. An order enjoining defendant, County of Alameda, its agents,
16   subordinate department ACSO, their employees, representatives, concerns,
17   and all individuals acting in concert with/from continuing unlaw-
18   ful acts, customs, conditions, policies and practices described in
19   this Complaint.

20
21   69. An award of costs incurred by plaintiff associated
22   with investigation, filing, litigation of this Complaint. To include
23   fees to non-profit, Destination-Freedom, for the cost of materials,
24   supplies, phone consultations, non-attorney assistance.

25
26   70. An award of compensatory-damages for plaintiff's injur-
27   ies, jointly and severly-against Defendants.       (continued, page 23)

28

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C., SECT. 1983"   CASE NO.: _____

1  71.  An award of punitive-damages against defendant,
2  Negrete for harrassment and injury to plaintiff feelings.

3

4  72.  An award of nominal damages or other relief as
5  may be merited or determined by this Court.

6

7  Plaintiff respectfully request, the Court grant an order,
8  directing service by the U.S. Marshal-28 U.S.C., Section
9  1915(d); Fed. R. Civ. P., Rule 4(c)(3), Pursuant to Section 1746,
10 28 U.S.C. and in accord with CA law, I declare under penalty
11 of perjury that-to the best of my knowledge- the foregoing is true
12 and correct. Executed this 25th day of September, 2023, at Dublin,
13 CA.

14

15 Respectfully Submitted,

16

17 R. Robertson- in pro per

18

19 R. Robertson-Apm 873
20 5325 Broder Blvd.
21 Dublin, CA   94568-3309

22

23 "Complaint under 42 U.S.C. With
24 Demand for Jury Trial"

25

26

27

28

TITLE OF DOCUMENT: "COMPLAINT UNDER 42 U.S.C.-SEC. 1983"   CASE NO.: _____
PAGE NO. 23 OF 23   [JDC TEMPLATE]

JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robertson, Reginald - APM873

## DEFENDANTS
AC50-Deputy, Marco Negrete and the entity, County of Alameda, et al.

**(b)** County of Residence of First Listed Plaintiff   Alameda
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Alameda
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
- In Pro Per, Plaintiff -
5325 Broder Blvd.
Dublin, CA  94568-3309

Attorneys *(If Known)*
Donna Zeigler- Alameda County Counsel
1221 Oak St., Ste. #450
Oakland, CA  94612

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C., Sect. 1983
Brief description of cause:
Retaliation, Violation of pretrial detainee's federal right to due process of law, Title II, ADA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                         DOCKET NUMBER

DATE   9-25-23

SIGNATURE OF ATTORNEY OF RECORD   R. Robertson - in pro per

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE