Exhibit A.

December 30, 2021

*Via Email: cwilson@ac.gov.org*
Ms. Cynthia Wilson
Alameda County Sheriff's Office Internal Affairs
1401 Lakeside Drive 7th Floor
Oakland California 94612

        *Re:*    *R. Robertson v. J. Kaiser-Nevel, et al.*
               *Case No. 5:20-cv-02523*

Dear Ms. Wilson:

My organization, Destination Freedom, advocates for prisoners and pre-trial detainees.  Mr. Robertson, APM873 is one of our clients.  Earlier today, I spoke with your assistant and she provided me with your email address in response to my call for the procedure to obtain public records under the California Public Records Act.

Pursuant to the Public Records Act, California Gov't Code Section 6253 et seq., it is requested that your office provide records generated by the Alameda County Sheriff's Office ("ACSO") while conducting the business of the people of Alameda County, State of California.

Specifically, the following information is requested:

1.     Provide ACSO policy/procedure in adherence to Section 1027.5, Title 15 CCR ("Safety Checks") commonly referred to as general, close, and intensive observation by ACSO which was in effect January 2020 at Santa Rita Jail ("SRJ") Housing Unit ("HU") No. 22.

2.     In regards to ACSO Sheriff's technicians and HU deputies assigned to SRJ HU No. 22 in the month of January 2020, describe their duties in the performance of safety checks.

3.     As this information shall not compromise the safety/security of SRJ, its staff, or inmates, provide the actual recorded start/end shift times on January 22, 2020 for the following ACSO employees:

"Justice Delayed IS Justice Denied"
William E. Gladstone

Advocates for Prisoner rights, rehabilitation
and criminal justice reform

Destination: Freedom
P O Box 803398, Santa Clarita, CA 91380-3398
(775) 335-7773
Website: www.destination-freedom.org
Nevada/Colorado/Oklahoma/California

Ms. Cynthia Wilson
Alameda County Sheriff's Office Internal Affairs
December 30, 2021
Page 2

---

        A.     Dep. Jason Alvarez;
        B.     Dep. Michael Ella;
        C.     Dep. Greg Harris;
        D.     Dep. Charles Wong;
        E.     S/T Daniel Bussell;
        F.     S/T Jason Kaiser-Nevel; and
        G.     S/T Katherine Goodal.

4.     State the ACSO designation/classification of the primary population of inmates housed at SRJ HU 22 for the month of January 2020.

5.     Should it fall within the parameters of assistance your office may be able to provide and redacting any data which would tend to compromise the safety/security of SRJ, its staff, or inmates, provide the investigative report created in regards to Inmate Grievance Tracking No. 20-0319. If there is a relevant code, statute, or ACSO policy/procedure which must be utilized to obtain this data, please provide the applicable code, statute, or policy/procedure in your reply.

Any assistance deemed appropriate in regards to the requests contained herein shall be appreciated.

Sincerely,
DESTINATION: FREEDOM

Gale Sanders, President

cc:    R. Robertson, APM873

"Justice Delayed IS Justice Denied"
William E. Gladstone

Advocates for Prisoner rights, rehabilitation
and criminal justice reform

Destination: Freedom
P O Box 803398, Santa Clarita, CA 91380-3398
(775) 335-7773
Website: www.destination-freedom.org
Nevada/Colorado/Oklahoma/California

Exhibit B.

Part I, of II

# ALAMEDA COUNTY SHERIFF'S OFFICE
# INMATE GRIEVANCE FORM
[✓] Santa Rita Jail [ ] Glenn E. Dyer Detention Facility



[X] **ADA RELATED**

NAME: R. Robertson   DEP s   PFN: Apm873   DATE: 1-21-22   HU/FLOOR: #8E/C-6

*Only one grievance issue per form ---- (Subject to refusal if failure to comply)* DATE GRIEVANCE OCCURRED 12-30-21 thru 1-4-22

**Grievance Details:**

On 12-30-21 at approximately 4:40pm and after multiple appearences at my assigned cell-stated above, Alameda County Sheriff's Office (here-in, "ACSO") - Sgt. Francis returned stating, "Someone from Behavioral Health heard you threatening to harm your-self... on the tablet. You're being placed on I.D.L." I stated to Sgt. Francis and Dep. Negrete #3546 (who had arrived to assist), that this allegation was false. On this date, I placed three calls. All were to my representative (Article 1, Sect. 3(a), CA Const.) and were primarily to obtain records from ACSO-Internal Affairs (1401 Lakeside Drive/Oakland/CA) - under the CA Public Records Act, CA Gov't C., 6253 et. seq. Sgt. Francis then stated, "You have no choice!" Based on his demeanor and tone, there was an implied threat. Following his instructions, I walked to the door way of cell 6, where Dep. Negrete took my eye-glasses, stating "You can't have these." Then both deputies placed me in Unit #8/F-2, where I remained for four-days. On 1-3-22 at approximately 8:30pm, two representatives from AFBH came and spoke with me. After I relayed Sgt. Francis allegation- line 3, above - one of the repre-sentatives stated, "Behavioral Health is not in the business of raves-dropping on inmate calls. We were informed you threatened to go on a hunger-strike." The issue I am grieving is by threat, intimidation, and coercion and with reck-less disregard of my right to due process, I was placed in I.D.L. for four-days, based on false-unsubstantiated allegations. (continue, part II...)

**INMATE SIGNATURE:** R. Robertson

*By signing this form, you are consenting to a search of your medical, dental, or mental health records for the purpose of this investigation only. This acts as a waiver to your HIPAA rights. If you disagree with this, you must indicate so in your grievance.*

**\*\*\*DO NOT WRITE ON BACK OF THIS FORM. USE ADDITIONAL GRIEVANCE FORMS IF NECESSARY\*\*\***
**\*\*\*DO NOT WRITE BELOW THIS LINE\*\*\***

Received by Deputy: S. OSMANI   Badge# 2532   Date: 01/21/2022

[ ] Resolved at Deputy Level

[X] Cannot be resolved at Deputy Level

Inmate Acceptance (*Signature*)

Grievance Tracking Number: 22 - 0470

PREA Tracking Number:

*The Deputy who received the inmate's grievance shall attach an Inmate Grievance Response Supplemental Form (ML-53) detailing how they resolved or attempted to resolve the inmate's grievance.*

Copies: White-Staff
Pink-Inmate

ML-51 (rev 03/19)

Part II, of II

# ALAMEDA COUNTY SHERIFF'S OFFICE
# INMATE GRIEVANCE FORM
[✓] Santa Rita Jail   [ ] Glenn E. Dyer Detention Facility



[X] ADA RELATED

NAME: R. Robertson      PFN: Apm 873    DATE: 1-21-22   HU/FLOOR: #8E/c-6

*Only one grievance issue per form ---- (Subject to refusal if failure to comply)* DATE GRIEVANCE OCCURRED 12-30-21 thru 1-4-22

**Grievance Details:**

In resolving this matter, it is requested the incident be investigated; false allegation(s) of my being suicidal, be expunged from my Santa Rita Jail records; that my HIPAA/Mental Health records be noted to reflect the circumstances of the false allegation.

Please Note: ① Prior to being placed on I.O.L., no evaluation was performed by AFBH; ② No procedural process was implemented by ACSO; ③ Rights under the Tom Bane Act were violated; ④ In violation of the ADA and without providing "reasonable accommodations", my eye-glasses were taken; ⑤ I was denied the benefit of the ACSO/SRJ "book-cart"; ⑥ my right of "access to courts" was interfered with for four-days; ⑦ As a pre-cursor to this incident, a permanent record of the allegation "suicidal" has been placed in my HIPAA/Mental Health records, Two-(2)-County of Alameda, Government Claim-forms are requested with your response.

- I DO NOT WISH TO WAIVE MY HIPAA RIGHTS -

Thank-you for your time and attention.

INMATE SIGNATURE: R. Robertson

*By signing this form, you are consenting to a search of your medical, dental, or mental health records for the purpose of this investigation only. This acts as a waiver to your HIPAA rights. If you disagree with this, you must indicate so in your grievance.*

***DO NOT WRITE ON BACK OF THIS FORM. USE ADDITIONAL GRIEVANCE FORMS IF NECESSARY***
***DO NOT WRITE BELOW THIS LINE***

Received by Deputy: S. OSMANI          Badge# 2532    Date: 01/21/2022

[ ] Resolved at Deputy Level             Inmate Acceptance (*Signature*) _

[X] Cannot be resolved at Deputy Level    Grievance Tracking Number: 22-0470

                                          PREA Tracking Number: _____

*The Deputy who received the inmate's grievance shall attach an Inmate Grievance Response Supplemental Form (ML-53) detailing how they resolved or attempted to resolve the inmate's grievance.*

## *INMATE GRIEVANCE RESPONSE*

Inmate Copy

GRIEVANCE TRACKING NUMBER: 22-0470

INMATE: **ROBERTSON, REGINALD**    PFN: **APM873**    HOUSING UNIT LOCATION: **08-C-06**

GRIEVANCE IS    AFFIRMED: _____    DENIED: **X**    WITHDRAWN: _____    RESOLVED: _____    REFERRED: _____

**If grievance is denied, give reason for denial. If affirmed, state what corrective action will be taken (if applicable):**

These findings are based on a review of your grievance received on **January 21, 2022**. In your grievance, you made the following claim:

- You were wrongfully placed on an Intense Observation Log (IOL), violating your rights.

**Response:** The Grievance Unit has reviewed and investigated your claim thoroughly and provided an explanation of its findings below.

The Body Worn Camera (BWC) footage regarding this incident was reviewed. Your rights were not violated. At no point did the sergeant tell you Adult Forensics Behavioral Health (AFBH) heard you threaten to harm yourself on the tablet. You were told the sergeant's supervisor received a call from someone concerned about your wellbeing and when that information was relayed to AFBH, they initiated an IOL. The sergeant was also not threatening in any way as you claim in your grievance. The sergeant and deputy were both polite and patient as you asked multiple questions and complained the entire time.

A review of the process showed the correct procedures were followed regarding your placement on an IOL. Due to you not waving your HIPAA rights, the Grievance Unit is unable to contact AFBH to further investigate your claim.

Your grievance is **DENIED.**

*Your information is false, my due process rights were violated, no one from AFBH evaluated me until 1-3-22. Reasonable accomodations were not provided—while my glasses were taken.*

| | | | |
|---|---|---|---|
| Investigating Deputy: | **D. Kyes, Deputy** | Date: | 02/16/22 |
| Investigating Supervisor: | **M. Carausu, Sergeant** | Date: | 02-3-22 |
| Inmate's Signature: | | | |
| Do you wish to appeal this ruling? | Yes RiRi / No _____ | Refused to Answer _____ | Date: 2-24-22 |
| Appeal Officer: LT. D. TAYLOR #1509 | | Recommendation: DENIED | Date: 2/28/22 |
| Reason for affirmation or denial: (If different from above) | | | |
| Commanding Officer: Lt. G. Mora #1642 | | Recommendation: DENIED | Date: 03/02/22 |

ML52 (Rev.06/18)

Exhibit C.

Robertson R., plaintiff.
5325 Broder Blvd.
Dublin, CA  94568
(775)-335-7773 (mess.)


Plaintiff in Pro Per




### THE UNITED STATES DISTRICT COURT FOR THE

### NORTHERN DISTRICT OF CALIFORNIA


ROBERTSON, R., plaintiff,                    CASE NO. 20-cv-02523 BLF


        v.                                   DECLARATION OF R.
                                             ROBERTSON OF 12-30-21
KAISER-NEVEL, et al., defendants.            INCIDENT



        R. Robertson, declares:


1.  I am the pro se Plaintiff for the above-numbered action
    and make this declaration to memorial-lize an incident
    which occurred on 12-30-21, in Housing Unit #8/c-pod/
    Santa Rita jail (Dublic, CA).


2.  On 12-30-21 - at approximately 1:00pm, I placed ...
                                    (continued, page 2)

...a call to my prisoner's rights advocate, Ms. Sanders-of the organization, Destination Freedom, Instructing her to email a request to Alameda County Sheriff's Office-Internal Affairs, for public-records (CA Gov't 6253 et seq.).

3. Then at approximately 4:40pm, Deputy/Sergeant Francis and Deputy, Negrete #2546-a deputy assigned to Housing Unit #8/Santa Rita Jail-Dublin, CA, here-in, "Unit #8-arrived at my location-Unit #8/cell #6.

4. Sgt. Francis stated, "Someone' from Behavioral Health said they heard you on the tablet, threatening to harm yourself. You're being placed on "I.O.L."; leave your property here, we're moving you to F-pod (Unit #8).

5. I denied threatening to harm myself and recall the only calls I made that day-three-were all to Ms Sanders and were instructions regarding the information request.

6. Sgt. Francis then stated, "You have no choice, you're moving to F-pod! It's outta my hands." Based on his demeanor and stature- 6'3" to 6'5", over 250lbs- there was the inference of a threat of physically being compelled, it I failed to comply. I followed their directions.

7. Next, while walking out of cell #6, Deputy Negrete took my...
(continued, pag. 3)

... prescription/bi-focal eye-glasses, which I require, as my vision is impaired.

8.   Negrete stated, "You can't have these in F-pod."

9.   Immediately afterwards, I provided Negrete an envelope with Ms Sanders phone-number on its face and asked him to give it to Mr. Godwin in the cell next-door to mine (cell #5), which he did.

10.  I yelled to Mr. Godwin, "I didn't do anything wrong". Call my advocate, which he, stated he would.

11.  Arriving at F-pod Unit #8, I asked several times, if I could have my eye-glasses, but no one would provide them.

12.  Although I informed multiple deputies that I hadn't done any-thing wrong, I remained held in isolation for over four-days.

13.  Before, during, and after this incident no disciplinary-report was created, no negative or otherwise evaluation was per-formed by anyone from Adult Forensic Behavioral Health.

14.  On 1-3-22, I received an evaluation at approximately 8:45pm. I informed a member of Adult Forensic Behavioral Health ...

(continued, page 4)

... (also referred to as "AFBH"), that Sgt. Francis stated, "someone" from Behavioral Health called to report I threatened to harm myself, as he stated (Decl., 3 at #4).

15. This representative stated, "AFBH is not in the business of eavesdropping on inmate calls."

16. Although there is only circumstantial evidence presently, there is a possibility Sgt. Francis initiated these adverse circumstances, in retaliation for my efforts to get public-information from Internal Affairs, in prosecuting my civil-action against his co-workers.

17. As, over the course of more than 30-years, I have received a total of two-disciplinary-reports (one for a piece of cardboard in my cell-door window; a second for taking food to Court). And never in fifty-five plus years, have I ever threatened to harm myself.

18. Based on the facts of this incident—by act or omission— it is my understanding that: ① By threat, intimidation, and/or coercion I was denied my property— CA Civ. C., Sect. 52.1; CA Const., Article 1, Sec. 1'; ② By threat, intimidation, and/or coercion with reckless disregard to my right to due process of law— CA Civ. C., Sect. 52.1; 14th Amendment, U.S. Const., Article 1, Sections 7 and 24, respectfully.

19. By threat, intimidation, and coercion with reckless disregard to my access to the courts, I was denied writing instruments, legal materials, writing paper, and my prescription eye-glasses — all of which were my personal property, utilized in the prosecution of civil-action, case no. 20-cv-02533 BLF / Robertson v. Kaiser-Novel, et. al. - N.D. Ct. of CA - San Jose. In violation of CA Civ. C, 52.1 and the 14th Amendment, U.S. Consti, Article 1, Sections 7 and 24, CA Const.

20. In my understanding, by the acts or omission of its employees, County of Alameda interfered with my access to its library/book cart program. As although isolated and illegal locked down approximately half of one-week, I could not read any books - based on my glasses being taken (Decl. 3-4, at #7) - Title II, American's With Disabilities Act.

21. I request compensation for my injuries.

I declare under penalty of perjury, under the laws of the State of CA and United States, that the foregoing is true and correct.

Dated: 1-10-22

R. Robertson - in pro per
R. Robertson - Apm873
5325 Broder Blvd.
Dublin, CA  94568

Robertson, R., plaintiff,
5325 Broder Blvd.
Dublin, CA 94568
(775)-335-7773 (mess.)


Plaintiff in Pro Per




THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ROBERTSON, R., plaintiff,                    CASE NO. 20-cv-02523 BLF


    v.                                           DECLARATION OF:


KAISER-NEVEL, et al., defendants.            DAVID E. GODWIN


DAVID GODWIN declares:

    1.   I am assigned to cell #5, Unit #8/C-pod/Santa
        Rita Jail - Dublin, CA (here-in, "Unit #8").

    2.   I am over the age of 18 and if called upon I could
        competently testify to information provided in this
        declaration, thereto were I called as a witness.

(1 of 3)                                   (continued, page 2)

3. On Thursday, January 30th, 2021- at approximately, 4:45pm, I was in my assigned cell - Unit #8/C-5 - and awaiting dinner trays to be passed out.

4. During this time, I observed an Alameda County Sheriff's Office - Deputy/Sergeant (name unknown) and Dep. Negrete #2546 - a deputy assigned to Unit #8 - removing Mr. Robertson from his cell (#6), as his cell is adjacent to mine.

5. Mr. Robertson stated, "I didn't do anything wrong." He gave Dep. Negrete an envelope with a phone-number on its face - which Dep. Negrete passed to me an stated, "Call my advocate, I think they are retaliating against me."

6. Afterwards, I learned Mr. Robertson was placed in Unit #8/F-pod. From prior experience, I know only inmates which are on "I.O.L.", can be placed in F-pod (i.e., Intense Observation Log).

7. Prior to being removed from cell #6 and placed in F-pod, I did not see/hear Mr. Robertson attend a disciplinary-hearing. On 12-30-21 or at any time prior to this date, did I see/hear Mr. Robertson attend a disciplinary-hearing.

8. Prior to being removed from cell #6, I did not see/hear Mr. Robertson attend a mental-health evaluation. On 12-30-21, or at any time prior to this date, did I see/hear Mr. Robertson attend an evaluation with a member of Adult Forensic Behavioral Health...

9. From prior experience, I recall-normally- prior to an inmate being removed from his cell and placed into F-pod or iso-lation. The inmate must go through a procedure such as a disciplinary-hearing or he must have a negative evaluation, by a mental-health provider of Adult Forensic Behavioral Health.

10. Usually, I observed Mr. Robertson wearing bi-focal eye-glasses. On 12-30-21, while being removed from cell #6/Unit #8, I did not see Mr. Robertson wearing any eye-glasses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 1/10/22                Sign name: Dale Scam
                              Print name: DAVID E. GODWIN

(3 of 3)

1    Your name: Robertson, R., plaintiff

2    Address:  5325 Broder Blvd

3              Dublin, CA  94568

4    Phone Number: (745)-335-7773 (mess.)

5    E-mail Address:_____

6    Pro se

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10          Division [check one]: ☐ San Francisco ☐ Oakland ☑ San Jose ☐ Eureka

11

12   ROBERTSON, R.                        ) Case Number: 20-cv-02523 BLF

13   _____     ) DECLARATION OF [name of person signing]

14            Plaintiff,                  )  GLOEDE, JONATHAN

15        vs.                             ) ~~IN OPPOSITION TO MOTION~~ [motion title]

16   KAISER-NEVEL, et. al.,               ) _____

17   _____     ) _____

18   _____     ) DATE: _____

19   _____     ) TIME: _____

20            Defendant.                  ) JUDGE:

21                                        ) Hon.- Beth Labson Freeman

22   [In the first paragraph, explain who you are. If you are the Plaintiff or Defendant, say so here. If you
     are a witness, say how you are connected to the party or events in this case.]

23

24       1. I am an Inmate Worker, assigned to Housing Unit #8/C-pod/Santa Rita

25          Jail - Dublin, CA (here-in, "Unit #8").

26       2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I

27   could and would testify competently thereto.

28

     DECLARATION OF [name]  JONATHAN GLOEDE
     CASE NO.: 20-cv-02523 BLF            ; PAGE  1  OF  3  [JDC TEMPLATE - rev. 2017]

*[Write each fact in a separate, numbered paragraph, starting with 3. You may only write about facts that you know personally, such as events you witnessed. Explain how you know each fact. If you want to include documents, see the Instructions. Make copies of this page if you need more space.]*

3. I am over the age of 18 and if called upon I could competently testify to information provided in this declaration, thereto were I called as a witness.

4. On Thursday, January 30th, 2021-at approximately, 4:45pm, co-worker, — PREFERS NOT TO BE NAMED — , were preparing to pass out dinner trays to inmates of location— Unit #8.

5. At that moment, I observed an Alameda County Sheriff's Office-Deputy/Sergeant (name unknown) and Deputy Negrete (a deputy assigned to Unit #8), remove Mr. Robertson from his assigned cell (Unit #8/cell #6).

6. Afterwards, I learned Mr. Robertson was placed in Unit #8/ F-pod. From prior experience, I know only inmates which are on "IOL", can be placed in F-pod (i.e. Intense Observation Log).

7. Prior to being removed from cell #6 and placed in F-pod, I did not see/hear Mr. Robertson attend a Disciplinary-hearing. On 12-30-21 or at any time prior to this date, did I see/hear Mr. Robertson attend a Disciplinary-hearing.

8. Prior to being removed from cell #6, I did not see/hear Mr. Robertson attend a Mental-health evaluation. On 12-30-21, or at any time prior to this date, did I see/hear Mr. Robertson attend an evaluation with a member of Adult Forensic Behavioral Health.

DECLARATION OF *[name]* JONATHAN GG GLOEDE
CASE NO.: 20-cv-02523 BLF        ; PAGE 1 OF 3 *[JDC TEMPLATE - rev. 2017]*

9. From prior experience, I recall-normally-prior to an inmate be-ing removed from his assigned cell, procedure at Santa Rita jail requires the inmate must have a disciplinary-hearing or negative evaluation, by a mental-health provider of Adult Forensic Behavioral Health.

10. Usually, I observed Mr. Robertson wearing bi-focal eye-glasses. On 12-18 30-21, while being removed from Unit #8/cell #6, I did not see Mr. Robertson wearing any eye-glasses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 01 - 10 - 2022   Sign Name: _____

Print Name: JONATHAN GLOEDE

DECLARATION OF [name] JONATHAN GLOEDE
CASE NO.: 20-cv-02523 BLF          ; PAGE 3 OF 3 [JDC TEMPLATE - rev. 2017]

1   **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       I am employed in the county of Los Angeles, State of California.  I am over the age of 18
    and not a party to the within action; my business address is 1901 Avenue of the Stars, 11th Floor,
4   Los Angeles, California 90067.

5       On January 22, 2022, I served the foregoing documents described as *Claim Against the
    County of Alameda and Declarations of R. Robertson, David E. Godwin, and Jonathan
6   Gloede* on the interested party in this action by placing a true copy thereof enclosed in sealed
    envelopes addressed as follows:
7
                        Keith Carson
8                       President of the Board of Supervisors
                        County of Alameda
9                       1221 Oak Street, Suite 536
                        Oakland, California 94612
10
    **[X] BY MAIL:**
11      I caused such envelope to be deposited in the mail at Los Angeles, California with postage
    thereon fully prepaid to the offices of the addressee.  I am readily familiar with the firm's practice
12  of collection and processing correspondence for mailing.  Under that practice, it would be
    deposited with the United States Postal Service on that same day with postage thereon fully
13  prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion
    of the party served, service is presumed invalid if postal cancellation date or postage meter date is
14  more than one day after date of deposit for mailing in affidavit.

15  **[X] STATE:**
        I declare under the penalty of perjury under the laws of the State of California that the
16  foregoing is true and correct.

17

18                                                      GALE SANDERS

19

20

21

22

23

24

25

26

27

28

Exhibit D.

22-2272
ADA

## Grievance #174731692

**Profile Photo:**



**Audit Photo:**
Audit Photo

**Inmate Info**

Name: REGINALD ROBERTSON (1966-08-01)
Booking #: APM873
Submitted Date: 04/20/22 15:10
Submitted from Location/Room: S08C06/8 East
Current Location/Room: S08C06/8 East
Facility: Santa Rita Jail Alameda, CA

**Inmate Copy**

**Form Info**

Category: Others
Form: Inmate Grievance - Single Level

**Grievance Info**

Status: CLOSED by P. Atkinson
Facility Deadline: 05/04/22 23:59
Grievance Level: 1
Inmate can reply: No

**Summary of Grievance:**

Violation of rights under HIPPA.

**Details of Grievance:**

**Date Grievance Occurred:**
*Include month, day, and year.*
12/30/21

**Grievance Details:**
*Be specific... (Names, dates, location, etc.)*
In the response to Inmate Grievance-Tracking #22-0470, it is alleged that, a sergeant's supervisor received a call from 'someone' concerned about my well being. Then both ACSO staff \u0026 AFBH staff acted to place me on I.O.L., based on this phone call. By discussing my mental or physical well being with anyone other than myself. ACSO and AFBH violated my rights to confidentiality. Additionally, as instruments of the County of Alameda-County of Alameda has vicariously violated my rights. Based on the facts contained here-in, this grievance is against County of Alameda and it's subordinate entities ACSO and AFBH, jointly, for violations to my confidentiality rights under the ADA, CA Disabled Persons' Act, Rehabilitation Act (federal), and HIPPA. In resolution of this grievance, it is requested I be provided documentary data contained in the ACSO \u0026 AFBH of 12/30/21, regarding this incident. Thank you for your time in review of these issues. I DO NOT CONSENT TO A REVIEW OF MY MENTAL/MEDICAL RECORDS, in regards to this matter.

**Is this ADA related:**
Yes

**Is this PREA related?:**
No

By submitting this form I am consenting to a search of my medical, dental, or mental health records for the purpose of this investigation only. This acts as a waiver to my HIPAA rights. Do you agree to these terms?:
No

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 04/21/22 07:50 | P. Atkinson | Staff Response | Your grievance has been assigned Tracking #22-2272 and is now under investigation. You will receive a response after a thorough investigation has been conducted. Additionally, a paper copy of this grievance submission will be delivered to you. |
| 04/21/22 07:50 | P. Atkinson | Changed Status | From 'Open' to 'Closed' |
| 04/20/22 15:10 | REGINALD ROBERTSON | Submitted New | Violation of rights under HIPPA. |

APR 2 1 2022

## *INMATE GRIEVANCE RESPONSE*

GRIEVANCE TRACKING NUMBER: **22-2272**

INMATE: **ROBERTSON, REGINALD**    PFN: **APM873**    HOUSING UNIT LOCATION: **08-C-06**

GRIEVANCE IS    AFFIRMED: _____    DENIED: **X**    WITHDRAWN: _____    RESOLVED: _____    REFERRED: _____

**If grievance is denied, give reason for denial. If affirmed, state what corrective action will be taken (if applicable):**

These findings are based on a review of your grievance received on **April 21, 2022**. In your grievance, you made the following claim:

- Your HIPAA rights were violated.

**Response:** The Grievance Unit has reviewed and investigated your claim thoroughly and provided an explanation of its findings below.

For Grievance #22-0470, you did not consent to a review of your medical records, so the Grievance Unit was unable to obtain any information from your records to determine the specific circumstances leading up to your placement on an Intensive Observation Log (IOL).

For Grievance #22-2272, you once again did not consent to a review of your medical records, so the Grievance Unit is unable to verify what specific information was discussed regarding your placement on an IOL, and whether that information was a violation of your HIPAA rights.

A copy of this grievance was forwarded to the ADA Coordinator for review.

Your grievance is **DENIED.**

*Inmate Copy*

| | | |
|---|---|---|
| Investigating Deputy: | **D. Kyes, Deputy** | Date: **04/25/22** |
| Investigating Supervisor: | **M. Carausu, Sergeant** | Date: 04/26/22 |
| Inmate's Signature: | RTS | Date: 4-25-22 |
| Do you wish to appeal this ruling? | (Yes) R.R. No _____    Refused to Answer | |
| Reason for appeal: | A review of my mental/medical records is not necessary, a review of ACSO and AFBH records is sufficient to refute your claims. R.R. | |
| Appeal Officer: | Recommendation: denied | Date: 05/04/2022 |
| Reason for affirmation or denial: (If different from above) | Recommendation: **DENIED** | |
| Commanding Officer: | Lt. T. Modeste #1893 | Date: 05/17/22 |

ML52 (Rev.02/2022)

Exhibit  E.

| ALAMEDA COUNTY SHERIFF'S OFFICE DETENTION AND CORRECTIONS POLICY AND PROCEDURE | **NUMBER:** 13.06 | **PAGES:** 1 of 3 |
|---|---|---|
| | **RELATED ORDERS:** ACA 4-ALDF-4C-32 MJS 1029(a)(8), 1030, 1206 P&P 8.12, 8.13, 12.01, 13.02, 13.12 | |
| | **ISSUED DATE:** June 1, 1992 | |
| | **REVISION DATE:** *March 24, 2020* | |
| **CHAPTER:** Medical and Behavioral Health Care Services | **SUBJECT:** Suicide Prevention | |

I.   **PURPOSE:** To establish policy and procedure for preventing suicide threats and attempts.

II.  **POLICY:**  In order to protect the health and wellbeing of incarcerated persons, a written suicide prevention and intervention program, that is reviewed and approved by a qualified medical or behavioral health professional, shall be maintained.  All staff responsible for inmate supervision shall be trained in implementing the program.  Every effort will be made to recognize the signs and symptoms of suicidal behavior and to deter any threats or attempts of suicide.  This will be done through continued monitoring by custodial personnel, medical staff, the facility chaplain and behavioral health professional.

III. **PROCEDURE:**

   A. SUICIDE PREVENTION TRAINING:

      1. All security staff will receive training in recognizing the signs and symptoms of mental illness and depression that could lead to suicidal behavior.

      2. Jail personnel, sworn and non-sworn, must remain constantly alert to behavioral changes which might indicate increasing depression and/or expressing thoughts of suicide.  Good communication between the Sheriff's Office and medical/behavioral health personnel will ensure a collaborative effort in monitoring the welfare of the inmates.  Certain times during confinement represent more serious threat (e.g., after arrest, after court dispositions, during domestic upheaval in the inmate's family).

      3. Any inmate reported or suspected of being depressed or having a behavioral health disorder will be evaluated immediately by behavioral health and medical personnel, and referred to the facility chaplain when appropriate.

   B. INTAKE: All inmates shall be screened for suicidal risk immediately upon intake and prior to being housed. This shall include any comments from the arresting officer.

   C. SUICIDAL GESTURES:  The following procedures shall be followed when handling

suicide gestures:

1. Call for medical aid immediately and notify a supervisor.

2. Stay with the inmate until medical staff arrives.

3. Medical staff will determine if a referral to Adult Forensic Behavioral Health (AFBH) needs to be immediate, or if the inmate may be scheduled for a routine AFBH appointment. Until a determination is made, the inmate will be monitored by medical staff and will be reevaluated every shift until a psychiatric referral is made.

4. If the inmate is not referred to AFBH, one of two alternative actions will be employed.

   a. Open observation:

      1) Male inmates will be re-housed in a special handling unit. Female inmates will remain in Housing Unit 24. If Classification determines the inmate can be housed with other inmates, the inmate will be re-housed to a double capacity cell. If Classification determines the inmate must be housed separately, the inmate will be housed in a single cell.

      2) Inmates will be seen by psychiatric personnel as soon as possible, but no later than 24 hours after notification by medical staff. If possible, the inmate should interact with other inmates during meals, recreation, etc. Any changes in behavior will be reported to medical staff.

   b. If the inmate is classified to Administrative Separation, the inmate must be placed in a single cell and isolated from all other inmates at all times. All rights and privileges afforded to Administrative Separation inmates will be in effect, with the exception of those that may cause harm to the inmate.

   c. Based on the severity of the inmate's condition, he/she may be placed in a safety cell. Safety cell placements will be done pursuant to Policy and Procedure 8.13, "Use of Special Cells, Multi-Use Rooms, and Modesty Garments." *Safety cells in the Out-Patient Housing Unit (OPHU) shall be the first utilized. If additional safety cells are needed, staff will then utilize an Intake, Transfer and Release (ITR) Safety Cell. If the OPHU and ITR Safety Cells are unavailable and exigent circumstances exist, then a housing unit safety cell shall be utilized.*

   d. While housed in a safety cell, medications will be unit dosage. No clothing, linen, water cups, or armbands will be allowed in the cell, with the exception of a modesty garment.

5. If the inmate will be housed in a cell other than an observation or safety cell, the Classification Unit will coordinate housing needs and observation logs with the medical and behavioral health staff.

6. Whenever an inmate has made a suicidal gesture, an observation log shall be initiated pursuant to Policy and Procedure 8.12, "Observation and Direct Visual Supervision Logs." A Safety Cell Placement Report will be written when an inmate is placed in a safety cell.

D. SUICIDE ATTEMPTS:  When deputies are handling suicide attempts:

1. Call for medical aid immediately, and notify a supervisor.

2. Stay with the inmate until medical staff arrives.

3. Medical personnel will treat the inmate and may refer him/her to a special handling unit, or the appropriate hospital if necessary.

4. Initiate inmate injury and incident reports.

5. If a behavioral health staff member or deputy determines that an inmate meets 5150 WIC criteria, the inmate will be taken to the appropriate hospital.

6. If the inmate will be housed in a cell other than the observation or safety cell, the Classification Unit will coordinate housing needs and observation logs with the medical staff.

7. Completed observation logs and reports will be forwarded to the Classification Unit.

E. INCIDENT REVIEW:  All suicides and attempted suicides shall be reviewed within thirty (30) days at the monthly "Suicide Prevention Meeting." This meeting is attended by staff from AFBH, medical staff, and the Sheriff's Office. Minimally, the following topics will be discussed during the meeting:

1. A description of the event to include a review of the incident report written by Sheriff's Office staff.

2. A review of AFBH notes to determine the state of mind of the individual at the time of the attempt.

3. A review of any medical conditions which may have contributed.

Exhibit    F.

Tuesday, February 22nd, 2022


Captain- Dan Brodie
1401 Lakeside Dr, 7th Flr.
Oakland, CA    94612


RE: Formal Complaint-ACSO,
    Deputy- Negrete #2546


Dear, Sir:

In a voice-mail left with Ms Sanders, of the prisoners'
rights organization -Destination Freedom ( Jan, 2022), you provided
that complaints, "should come in from Mr. Robertson."
This is such a complaint.
Proceeding in pro per, I am the Plaintiff for Case No.: 5:20-
cv-02523 BLF, N.D. Ct. of CA-San Jose Division (Robertson
v. Kaiser-Nevel, et.al.). On Monday, December 27th, 2022, Defen-
dants' "Motion for Summary Judgement" was delivered- here at
Santa Rita Jail. Based on the need to obtain Alameda County
Sheriff's Office - here in, "ACSO"- policies/procedure, for use
in opposition of Defendants' previously stated motion- I contacted
Ms Sanders. Subsequently, on December 30th, 2021, at
approximately 1pm- we called your office to request this
information. Resulting in the email exchanges between
Ms Sanders and Ms Wilson, of which I have been...

(continued, page 2)

pg. 1

... advised, you are aware of. Within three-hours of the call and initial email exchange – approximately, 4:30pm – and without a "write-up", disciplinary-charge/report, or evaluation performed by a member of Adult Forensic Behavioral Health, I was removed from my assigned cell and placed on I.O.L. As you may be aware I.O.L. (Intensive Observation Log(s)) is the mental-health component of seg-regated housing/disciplinary isolation. This incident has been documented in Inmate Grievance - Tracking #22-0470, its investigation by the Grievance Response Unit-has yet to be completed.

    In short, today's grievance/formal complaint involves &CSO-Deputy, Negrete #2546 and occurred on 2-18-22, at approximately, 10:30am: On this date, our tier (Unit #8/C-pod) were having scheduled "recreation/pod-time". When Dep. Negrete took an inmate from 8E/C-11, brought him down-stairs passing within several feet of my position (approximately, 4 to 6 feet from the primary pod-door). While passing and exiting the pod-door, the inmate from C-11, made several threats and derogatory comments on, "beating yo old _ ss"! This conduct continued upon their return a few moments later (I observed the inmate being administered a COVID test). Passing me again, then both individuals stopping before they reached the stairs leading to the upper tier. I heard both individuals speaking in hushed tones...

(continued, page 3)

... in what I recognized as Spanish. Then the inmate re-stated he was going to "beat yó old _ ss!"; took off his shirt while standing adjacent to Negreté; Negreté appeared to take a half-step back, providing a clear path; the inmate then ran up to attack me; while warding off this attack, Dep. Negreté "tased" me, twice. The following day, both the inmate and Negreté were present in Unit 8/C-pod, like nothing ever happened. As similar or more adverse circumstances can occur, re-occur, based on these individuals' suffering no conseq- uences for their bad acts, I am compelled to file this complaint.

Based on the fact I had been tased and handcuffed, responding deputies assumed I was the aggressor, it's also possible Dep. Negreté may have mis-informed these deputies. There are several cameras in our Unit, Dep. Negreté was wearing a body-cam, and their were several witnesses. I am suffering adverse physical conditions-as a result of this incident-and have only been given 4 tylenol and Mobit, which I was already receiving.

Formally, my complaint is against ACSO-Deputy, Negreté #2546- for alleged conspiracy, breach of duty, negligence, excessive use of force, on my person and as a member of multiple-protected-classes. As provided in the CA Disabled Persons' Act, Americans with ...

(continued, page 4)

... Disabilities Act, ACSO Policy/Procedure 1.14 (with elements of race/age discrimination, i.e. a hate crime).

I invite a review of my jail-records. Over the course of more than 35 years, in/out of Alameda County's jails (to include, Glen Dyer); to my knowledge - I have a total for the entire period, of two "write-ups" (disciplinary-charges). One for having a piece of cardboard on my cell-door window, and the second - for taking food I had purchased, to court. This record speaks for itself...

Consistently for more than three-decades, I have respected the jails, its staff, independant/private contractors, and inmates.

If there is a seperate form, policy, procedure - which must be utilized in submission of this complaint. It is respectfully requested that a member of your staff, would forward said documentation - via email - to: R. Robertson-APM 873 C/o Destination-Freedom, www.destination-freedom.org; or, via the U.S. Postal Service, at my address - as listed below.

Thank-you for your time in review of this correspondence and for any assistance which may be provided - in regards to the requests it contains and as may be deemed appropriate.


Sincerely,


R. Robertson - in Pro Per

g. 4

R. Robertson- Apm 873
5325 Broder Blvd.
Dublin, CA   94568-3309

"Formal Complaint-ACSO, Deputy-
Negrete #2546" (Note: This incident
has been summarized in Grievance #22-1041,
dated: 2-22-22)

cc: Destination-Freedom, my records, RBGG-
    Class Counsel (Babu, et al. v. Ahern, et al.)



(pg. 5 of 5)

Exhibit G

## *INMATE GRIEVANCE RESPONSE*

Inmate Copy

GRIEVANCE TRACKING NUMBER: __22-1041__

INMATE: __ROBERTSON, REGINALD__   PFN: __APM873__   HOUSING UNIT LOCATION: __08-C-06__

GRIEVANCE IS   AFFIRMED: _____   DENIED: _____   WITHDRAWN: _____   RESOLVED: _____   REFERRED: __X__

**If grievance is denied, give reason for denial. If affirmed, state what corrective action will be taken (if applicable):**

These findings are based on a review of your grievance received on **February 22, 2022**. In your grievance, you made the following claim:

- Deputy negligence and excessive force.

**Response:** The Grievance Unit has reviewed and investigated your claim thoroughly and provided an explanation of its findings below.

An Alameda County Sheriff's Office (ACSO) incident report documenting the incident was completed. Refer to report #22-002757 for further details.

A copy of this grievance was forwarded to the ADA Coordinator for review.

Your grievance is **REFERRED.**

| | | |
|---|---|---|
| Investigating Deputy: | **D. Kyes, Deputy** | Date: **04/04/22** |
| Investigating Supervisor: | **M. Carausu, Sergeant** | Date: 040522 APR 07 2022 |
| Inmate's Signature: | | Date: |
| Do you wish to appeal this ruling? Yes ✓ No | | Refused to Answer |

Reason for appeal: I cannot refer to something I have not been provided, Request a copy of this report, redacting anything that may tend to compromise security,

Appeal Officer: __Lt. S. McMillan #1566__   Recommendation: Referred   Date: 4.11.22

Reason for affirmation or denial: (If different from above)

Commanding Officer: __Lt. T. Modeste #1893__   Recommendation: REFERRED   Date:

ML52 (Rev.02/2022)



22-2376
ADA

## Grievance #175575832

**Profile Photo:**



**Audit Photo:**
Audit Photo

**Inmate Info**

Name: REGINALD ROBERTSON (1966-08-01)
Booking #: APM879
Submitted Date: 04/26/22 07:53
Submitted from Location/Room: S08C06/8 East
Current Location/Room: S08C06/8 East
Facility: Santa Rita Jail Alameda, CA

## Inmate Copy

**Form Info**

Category: Others
Form: Inmate Grievance - Single Level

**Grievance Info**

Status: CLOSED by P. Atkinson
Facility Deadline: 05/10/22 23:59
Grievance Level: 1
Inmate can reply: No

**Summary of Grievance:**

Deliberate Indifference.

**Details of Grievance:**

**Date Grievance Occurred:**
*Include month, day, and year.*
2/18/22.

**Grievance Details:**
*Be specific... (Names, dates, location, etc.)*
This grievance is against ACSO-Deputy Negrete' for deliberate indifference to my right to personal safety, recreation-time, and to peaceably assemble. Regarding his acts or omissions during scheduled recreation-time for myself \u0026 inmates housed in Unit#8/Lower C-pod. In my understanding, Negrete' heard threats made by an inmate he had retrieved from the upper tier; conspired with this inmate; stood idly by as the inmate attacked me; used unreasonable excessive force (tasered me twice in dart-mode); assaulted me by kicking my right-foot; and caused the great bodily injury of fractured bone. Plz reference Inmate Grievances #22-1041 and #22-1736 for additional facts. This grievance only addresses the deliberate indifference by Negrete'#2546.
In resolution of this grievance, I request to be compensated for violations to my rights under state/federal law, to be compensated for physical/emotional injury. Pursuant to CA Penal Code, Section 832.7(b)(1)(A)(ii), it is additionally requested that I be provided a copy of the record relating to the incident report, investigation, or findings concerning Negrete's use of force on 2/18/22.
I DO NOT CONSENT TO A REVIEW OF MY MEDICAL, MENTAL HEALTH RECORDS, AND DO NOT WAIVE MY RIGHTS UNDER HIPPA.
Thank-you for your time.

**Is this ADA related:**
Yes

**Is this PREA related?:**
No

**By submitting this form I am consenting to a search of my medical, dental, or mental health records for the purpose of this investigation only. This acts as a waiver to my HIPAA rights. Do you agree to these terms?:**
No

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 04/27/22 09:16 | P. Atkinson | Staff Response | Your grievance has been assigned Tracking #22-2376 and is now under investigation. You will receive a response after a thorough investigation has been conducted. Additionally, a paper copy of this grievance submission will be delivered to you. |
| 04/27/22 09:16 | P. Atkinson | Changed Status | From 'Open' to 'Closed' |
| 04/26/22 07:53 | REGINALD ROBERTSON | Submitted New | Deliberate Indifference. |

APR 2 7 2022

*Inmate Copy*

## *INMATE GRIEVANCE RESPONSE*

GRIEVANCE TRACKING NUMBER: __22-2376__

INMATE: **ROBERTSON, REGINALD**     PFN: **APM873**   HOUSING UNIT LOCATION: __08-C-06__

GRIEVANCE IS   AFFIRMED: ____   DENIED: ____   WITHDRAWN: ____   RESOLVED: ____   REFERRED: __X__

**If grievance is denied, give reason for denial. If affirmed, state what corrective action will be taken (if applicable):**

These findings are based on a review of your grievance received on **March 25, 2022**. In your grievance, you made the following claim:

- The deputy showed deliberate indifference resulting in you being attacked.

**Response:** The Grievance Unit has reviewed and investigated your claim thoroughly and provided an explanation of its findings below.

An Alameda County Sheriff's Office (ACSO) incident report documenting the incident was completed. Refer to report #22-002757 for further details. If you wish to acquire copies of the report, you will need to contact the Warrants, Records, and Crimes Analyst Unit.

**Note:** Attached to this grievance response is the form to request copies of incident reports. You may mail this form to the following:

**Warrants, Records and Crime Analysis Unit**
2000 150th Avenue
San Leandro, Ca 94578

***Do not forward this form to the Grievance Unit. The form will be returned to you and delay processing.***

A copy of this grievance was forwarded to the ADA Coordinator for review.

Your grievance is **REFERRED**.

| | | |
|---|---|---|
| Investigating Deputy: | D. Kyes, Deputy | Date: **05/17/22** |
| Investigating Supervisor: | M. Carausu, Sergeant | Date: 051722 |
| Inmate's Signature: | | Date: MAY 19 2022 |
| Do you wish to appeal this ruling? | (Yes) ✗   No   Refused to Answer | |

Reason for appeal: A copy of this incident ~~should~~ report should have been provided by ACSO, pursuant to CA Pen. C., 832.7(b)(1)(A)(ii) and is requested.

Appeal Officer: LT. D. TAYLOR #1509   Recommendation: **REFERRED**   Date: MAY 22 2022

Reason for affirmation or denial: (If different from above)

Commanding Officer: Lt. T. Modeste #1893   Recommendation: REFERRED   Date: 052722

ML52 (Rev.02/2022)

## *INMATE GRIEVANCE RESPONSE*   Inmate Copy

GRIEVANCE TRACKING NUMBER:   **22-2504**

INMATE:   **ROBERTSON, REGINALD**   PFN:   **APM873**   HOUSING UNIT LOCATION:   **08-C-06**

GRIEVANCE IS   AFFIRMED: ____   DENIED: ____   WITHDRAWN: ____   RESOLVED: ____   REFERRED:   **X**

**If grievance is denied, give reason for denial. If affirmed, state what corrective action will be taken (if applicable):**

These findings are based on a review of your grievance received on **May 3, 2022**. In your grievance, you made the following claim:

- Conspiracy, breach of duty, negligence, and excessive force by a Deputy.

**Response:** The Grievance Unit has reviewed and investigated your claim thoroughly and provided an explanation of its findings below.

The Internal Affairs Unit forwarded the letter you sent them to the Grievance Unit, and it was given the grievance tracking number 22-2504.

An Alameda County Sheriff's Office (ACSO) incident report documenting the incident was completed. Refer to report #22-002757 for further details. If you wish to acquire copies of the report, you will need to contact the Warrants, Records, and Crimes Analyst Unit.

**Note:** Attached to this grievance response is the form to request copies of incident reports. You may mail this form to the following:

**Warrants, Records and Crime Analysis Unit**
2000 150th Avenue
San Leandro, Ca 94578

***Do not forward this form to the Grievance Unit. The form will be returned to you and delay processing.***

Your grievance is **REFERRED.**

| | | | Date: | |
|---|---|---|---|---|
| Investigating Deputy: | **D. Kyes, Deputy** | | Date: | 05/20/22 |
| Investigating Supervisor: | **M. Carausu, Sergeant** | | Date: | 052222 |
| Inmate's Signature: | | | Date: | |
| Do you wish to appeal this ruling? | Yes  R.R.  No | Refused to Answer | | |

Reason for appeal: ACSO/SRJ has a copy of the above-referenced report and according to P.C. 832.7 it is to be provided under the CA Public Records Act.

| | | | Date: | |
|---|---|---|---|---|
| Appeal Officer: | Lt. S. McMillan #1566 | Recommendation: REFERRED | Date: | 6-5-22 |
| Reason for affirmation or denial: (If different from above) | | REFERRED | | |
| Commanding Officer: | Lt. T Modeste #1893 | Recommendation: | Date: | 060922 |

ML52 (Rev.02/2022)

Exhibit H.

| ALAMEDA COUNTY SHERIFF'S OFFICE<br><br>DETENTION AND CORRECTIONS<br><br>POLICY AND PROCEDURE | **NUMBER:** 16.05 | **PAGES:** 1 of 2 |
|---|---|---|
| | **RELATED ORDERS:**<br>ACA 4-ALDF-6A-07<br>GO 1.05<br>P&P 16.01 | |
| | **ISSUED DATE:** January 1, 1998 | |
| | **REVISION DATE:** *December 1, 2019* | |
| **CHAPTER:** Inmate Rights, Rules and Discipline | **SUBJECT:** Protection From Harm | |

I. **PURPOSE:** To establish policy and procedure to protect inmates from abuse, personal injury, property damage and harassment.

II. **POLICY:** The Alameda County Sheriff's Office shall protect inmates in its care, custody and control from personal abuse, corporal punishment, personal injury, disease, property damage, and harassment. When physical force or disciplinary detention is required, only that force which is necessary to overcome resistance or secure order shall be used.

III. **PROCEDURE:**

A. All staff shall be observant for factors that may threaten an inmate's safety, health, or personal well-being and shall respond appropriately to an inmate's stated concerns for his/her safety within the facility.

B. If any staff member observes or becomes aware of any factor which threatens the safety, health, or well-being of any inmate, the staff member shall immediately report this observation to his/her immediate supervisor and initiate action to prevent injury, exposure to disease, abuse, harassment, or damage of property.

C. When deputies must use physical force to control an inmate or a situation within the facility that threatens the security or safety of the facility, only that force necessary to overcome resistance and establish control, pursuant to General Order 1.05, "Use of Force" shall be used.

   1. Inmates shall not be subject to any form of corporal punishment, personal abuse, harassment, or damage of any personal property.

   2. Disciplinary action shall be administered pursuant to Policy and Procedure 16.01, "Disciplinary Procedure."

D.  Detention and Corrections Special Management Units (Administrative Separation, Disciplinary Separation, Protective Custody, etc.), shall be used to protect inmates from themselves or other inmates.

Exhibit I.

## *INMATE GRIEVANCE RESPONSE*

Inmate Copy

GRIEVANCE TRACKING NUMBER: 22-3170

INMATE: **ROBERTSON, REGINALD**   PFN: **APM873**   HOUSING UNIT LOCATION: **21-E-07**

GRIEVANCE IS   AFFIRMED:  X   DENIED:   WITHDRAWN:   RESOLVED:   REFERRED:

**If grievance is denied, give reason for denial. If affirmed, state what corrective action will be taken (if applicable):**

These findings are based on a review of your grievance received on **June 13, 2022**. In your grievance, you made the following claim:

- You were locked in your cell without due process.

**Response:** The Grievance Unit has reviewed and investigated your claim thoroughly and provided an explanation of its findings below.

You were locked in your cell without due process.

A copy of this grievance was forwarded to the ADA Coordinator.

Your grievance is **AFFIRMED.**

**Note: A copy of your grievance will be forwarded to the appropriate supervisors for review.**

| | | |
|---|---|---|
| Investigating Deputy: | D. Kyes, Deputy | Date: **09/13/22** |
| Investigating Supervisor: | M. Carausu, Sergeant | Date: 091472 |
| Inmate's Signature: | R. Robitson | Date: 9-16-22 |
| Do you wish to appeal this ruling?   Yes ____   No ✓   Refused to Answer ____ | | |
| Reason for appeal: | | |

| | | |
|---|---|---|
| Appeal Officer: | Recommendation: | Date: |
| Reason for affirmation or denial: (If different from above) | | |
| Commanding Officer:  Lt. C. Moore #1797C | Recommendation: AFFIRMED | Date: 9.22.22 |

ML52 (Rev.02/2022)

1                             **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 1100,

4 Los Angeles, California 90067.

5        On December 19, 2022, I served the foregoing document described as ***Claim Against the County of Alameda Regarding Incident of February 18, 2022, Declaration of R. Robertson in***

6 ***Support of Claim Against County of Alameda*** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

7

8                       Clerk, Board of Supervisors Office
                      Administration Building
                      1221 Oak Street, Suite 536

9                       Oakland, California 94612

10 [X] BY MAIL:
       I caused such envelope to be deposited in the mail at Colorado Springs, Colorado with

11 postage thereon fully prepaid to the offices of the addressee.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would

12 be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Colorado Springs, Colorado, in the ordinary course of business.  I am aware that on

13 motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

[X] STATE:

15        I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17                                     _____

18                                     GALE SANDERS

19

20

21

22

23

24

25

26

27

28